The next case in our call is agenda number 21, case number 109698, People of the State of Illinois v. Gregory Dabbs. May it please the court, my name is Michelle Zalisco and I represent Mr. Dabbs. Propensity evidence. For years, for centuries, propensity evidence has been condemned by the courts, at least until very recently. Our justice system is an accusational system. It's not an inquisitorial system. Our rules of evidence are designed to address the charges that have been brought against a defendant. Dating back to the English common law, to before the Magna Carta, trials were based on the accusations made in the charges, not based on the character of the accused. We followed this rule in our own case. The whole propensity evidence argument is, must be understood in a historical context. And historically it's been fundamental to our system of justice, again, that the defendant be based on the evidence against him on the crime charged. The reason behind this is because propensity evidence tends to allow the jury to convict, again, not on the charges, but on defendant's criminal character. It's just the sort of rule that was long protected by due process. The authorities against the use of propensity evidence are remarkably long, remarkably uniform, and based on very, very fundamental constitutional provisions. In fact, the guarantee of the defendant being tried on the accusations only is basically the sin quo non of our justice system. Historically we as a nation have abhorred the use of propensity evidence to obtain a conviction. Evidence must be material and relevant. The problem with propensity evidence is not that it has no probative value, but that it has too much. The facts of this case bear that out. Are you asking us to declare section 115.7.4 unconstitutional? I'm sorry, what was the first question? Are you asking that we declare that section of the statute unconstitutional? I am, Your Honor. So you do not agree that the trial court here followed and covered the elements that are listed in that section? My argument is that propensity evidence period is, whether it's in this section or 7.3 or any other section, is completely violative of our basic constitutional fundamental elements. It's always been Counsel, what about 7.4a expressly states that the evidence of prior to which it is relevant, and 7.4b expressly states, lists three factors the court may consider, quote, in weighing the probative value of the evidence against undue prejudice to the defendant. That's all true. But what it comes down to is the admission of propensity evidence. For centuries it's been, you know, evidence is admissible to prove modus operandi, to prove identity, to prove all rights, propensity to commit crimes. Regardless of whether this statute is artfully drafted or inartfully drafted, propensity evidence as such should not be allowed in the American system of justice. Section 7.3 that was found constitutional in Donahoe, 7.4 that we're talking about today, chips away at some of the most fundamental tenets of our Constitution. So you're asking us to overrule Donahoe as well? Not specifically, but that certainly would be in line with my argument. Well, I think it's more than in line, isn't it? I mean, Donahoe upheld the constitutionality of Section 7.3 in the face of nearly everything else. 7.4 was modeled on 7.3 and tracks it almost perfectly. In fact, the only material difference I can find is that 7.3 relates to sex crimes and 7.4 relates to domestic violence. So isn't it true that you're asking us to overrule our Donahoe decision, which is a relatively recent decision of 2003? Donahoe doesn't actually apply to this case because due process was not addressed in Donahoe. Donahoe was based on equal protection and on the Illinois Constitution provisions for a right to be tried on the charges brought against you. Due process was not specifically addressed. So Donahoe really doesn't apply to my argument. Secondly, there's a more fundamental difference between 7.3 and 7.4 than just the nature of the crimes. In 7.3, it said sex crimes may be admitted for any matter on which it is relevant. In 7.4, it said such evidence is admissible. Now, I understand that Section B of 7.4 tells the court to weigh the prohibitive value against any prejudicial effect. But that's basically written out of the statute by the word is in the first part of 7.4. And that's the fundamental difference between 7.3 and 7.4. Following the rules of statutory construction, when the legislature uses a specific word, you have to look through the whole statute to see if it's true. In the other parts of the statute, they say may be. The word is means it's only capable of being admitted. It doesn't mean it will be. I mean, if the legislature wanted to, they would have said must or shall. So this only means it could be, just like may. Well, I'm arguing, though, that is actually is mandatory because when they wanted to say may be in 7.4, they actually said may be. And the use of the word is here shows that they knew what may be meant. They would have used shall, don't you believe, if they wanted it mandatory? They could have, but they knew how to make it discretionary because they've made other parts of 7.4 discretionary by saying may. There was a reason that they chose the word is, and that was to distinguish it from the parts of the statute that say may be. Is there any case that says the word is mandatory? No, I believe that, not that I can think of right off the top of my head, but the rules of statutory construction say when a word is in doubt, you look at the rest of the statute to determine the meaning of the word. But if we look at the dictionary, isn't the plain meaning is admissible, is able to be admitted, or as Justice Burke was talking about, or not that shall be admitted, it's able to be admitted, and then doesn't the statute talk about things that the court should consider in determining whether it's relevant? And that's when they used the word may. Right. So doesn't that all work together to show that it is not mandatory, but it's the same considerations that we addressed in Donahoe with regard to the statute? I understand the dictionary definition of is, but I think the way that is is black. It's not capable of being black. It, in fact, is. This evidence is not simply capable of being admissible. It is admissible. But doesn't that simply mean it's admissible evidence? It doesn't say it shall be admitted? I'm arguing that the statute goes on and says what the court should consider in determining whether to admit it. Why even have those things to consider if, in fact, it is admitted? Well, that shows how inartfully drafted the statute is. Because it does say is as opposed to maybe or can or shall. But is there any evidence that the legislature intended otherwise? No, they intended it to be like 7.3, but they, in fact, did not make it like 7.3. Your position, counsel, is that you look, statutory construction would indicate that you would look at the rest of the statute, and you don't have to go very far to see and may be considered for its bearing on any matter to which it is relevant. Now, wouldn't that say that it would not be admissible if it isn't relevant? Well, that's part of the problem of the statute. Isn't that part of the problem of saying, as Justice Kramer was just saying, that that is, says to you, shall be admitted? If it's relevant, it's saying it's not going to be admitted. Part of your problem is you don't think that there are relevancy and prejudice protections, and I've already pointed out the use of the word relevant in the statute, and it talks about weighing the probative value of the evidence against the undue prejudice to the defendant. So wouldn't looking at those portions of the statute indicate that it's not shall be admitted? It still has to comply with relevancy protections? Again, if they wanted to say may be, they certainly knew how to say that, because they did say it. Could the statute have multiple meanings? Does the statute? Yes, I will concede that. If that is the case, isn't it our obligation to give the statute a constitutional reading if at all possible? It is, but I'm arguing that it's unconstitutional because of due process, because of our fundamental prescription for centuries and centuries and centuries against the admission of propensity evidence. There's no good reason to have propensity statutes. They talk about, well, sex offenders, in 7.3, sex offenders are likely to reoffend. In this, domestic abusers are likely to reoffend. But so are thieves, so are drug offenders, particularly drug offenders, drunk drivers are. Where do we stop allowing propensity evidence? And I think that's the danger here, is that we've opened the door to propensity evidence. More and more statutes are going to be coming down like that. We're eroding further and further, further and further eroding parts of the Constitution by allowing propensity evidence in more and more crimes. It's not just sex offenders. It's an agreeable passion that you're opposed to propensity evidence. Your argument in this case is anything that lets propensity evidence be admitted is unconstitutional. That's my argument in a nutshell. And this case is a perfect example. Excuse me, let me back you up to follow up on Chief Justice Fitzgerald. Are you saying even if this Court were to construe this statute in a way that it does in fact require this Wayne balancing act, you're still saying it's unconstitutional? Yes, because it allows propensity evidence. And like I've said repeatedly for centuries and centuries, propensity evidence was not allowed. And for the very reason that this case is a perfect example of why. Mr. Dabbs was convicted of domestic abuse against Amy DeWeese. There were all kinds of holes in her story. She waited over 36 hours to report the offense. She had a history of mental problems. During the 36 hours before she reported the offense, she left her marital home and went to visit other people. She didn't report the abuse. She went to work the next day and didn't report the abuse. I'm not saying that it didn't happen. I'm just saying that there were a lot of holes in the State's case. And I maintain that the big reason that he was convicted was not based on the evidence against Mr. Dabbs in regards to Amy DeWeese. It's because they heard that he had allegedly done this before. He was not convicted of the prior domestic abuse. But someone came in and testified to it. This allowed the jury to say, you know, we don't know if he did that to Amy DeWeese or not. But boy oh boy, he's been accused of it more than once. He must be guilty. It's this kind of situation that we need to protect against. This is why for centuries propensity evidence has not been allowed. Because the trier of fact does not look at the charges against. Do you establish in the record the centuries of propensity evidence being disfavored? I mean, I think just as one casual observer that that's probably true. But do you have anything to back it up? I have specifically at the top of my head a couple cases from the 1800s that I cite. That allowed propensity evidence? No, that did not. That spoke against propensity evidence. Again, this is the perfect case to show you why propensity evidence should not be admitted. We don't want the trier of fact to judge the defendant on his criminal history, on other things that he may or may not have done, but on the charges against him. Propensity evidence doesn't even allow for rehabilitation or for redemption. He may have been a sexual offender, and now through counseling, rehab, he is no longer. Or a domestic abuser is probably even more likely. He is no longer. Yet that evidence is allowed to come in against him year after year after year. Again, our legislator has parted ways with centuries-old traditions of fundamental fairness. Now the accused can be portrayed not as somebody who may have committed the charges against him, but as an evil person, whether he's guilty of the charges or not. I'm asking this court to end the erosion of the fundamental tenets of our Constitution. To end this new practice with Donahoe. You don't even have to overrule Donahoe, but please don't expand it. Are there any more questions on that? Thank you. Good morning, Your Honors. Erica Seaborn from the Illinois Attorney General's Office here on behalf of the people. May it please the court. This court should affirm the appellate court's holding and uphold the constitutionality of this statute based on its plain language, the intent of the legislature, and persuasive analysis from this court's own precedent and from other courts. The intent of the legislature. There's a little difference in the language in 7.4 and 7.3. Yes, there is. Does that indicate a different intent? Well, I think that because 7.4 was drafted by the legislature after this court's opinion in Donahoe, and I think with the difference in the language, what it probably means is that the legislature read Donahoe, noted this court's finding that 7.3's language was ambiguous, and decided that in drafting 7.4 they were going to change the language that this court had found ambiguous and try to make their intent more clear. Which is why they changed the language from may be admissible if admissible under the other rules of evidence, which this court found ambiguous, to is admissible and may be considered for its pairing. And notably, there are really no other changes in the language between 7.3 and 7.4 other than that clause, other, of course, than the fact that 7.3 talks about sex offenses and 7.4 talks about domestic violence. I'd like to begin by addressing counsel's argument about the general constitutionality of propensity evidence. If this court determines that propensity evidence in and of itself violates constitutional principles regardless of how the statute is drafted, then the court will have to overturn Donahoe. And it will effectively be overturning the constitutionality of not just Section 7.4, but also Section 7.3. I'd like to begin with the plain language argument, because much of defendants' due process argument is based on its interpretation of the language of the statute. Now, a defendant argues, essentially, that the statute does not require trial courts to consider relevance or undue prejudice, and even more than that, that by saying is admissible, the statute doesn't even allow the trial courts to consider these things. The evidence is going to be brought in regardless of how irrelevant it is. But this is a misreading of the plain language. There's no indication here that the legislature intended admission to be mandatory regardless. The phrase is admissible means that such evidence is capable of being admitted. I would argue that because the word admissible means capable of being admitted, admissible itself is a discretionary word. It's capable of being admitted, but it might not be. The statutory language also incorporates the longstanding requirements of relevance and probity in Section 7.4a and in Section 7.4b. Now, counsel spoke much about the possibility of very old convictions being brought in against a defendant and whether or not that would be unfair. But this Court should hold that the language of the statute alleviates due process concerns because in the case of a very old conviction, the trial court can exclude a very old conviction by holding this isn't relevant to this new crime because it's been 20 years and the defendant is obviously a much different person, or they could hold that this is unfairly prejudicial to the defendant because it doesn't tell us much about what happened in this actual crime. If the legislature had intended to delete these longstanding requirements of relevance and probity over prejudice, it could have done so explicitly in the statutory language, but instead the statutory language specifically references these requirements, and there's really no logical explanation for why the legislature would have included that language in Section 7.4a or 7.4b if they had really intended that this evidence is going to be admitted regardless of whether it's relevant or unduly prejudicial. Even if this Court does find that the plain language is ambiguous, application of traditional interpretive principles support our reading of the statute. Now, defendant's interpretation would essentially render Section 7.4b superfluous, which is to be avoided in interpreting statutes. Now, this Court strives to interpret statutes in a way so as to uphold its constitutionality and to construe the statute as a whole, not to ignore certain sections of the statute based on its interpretation of one phrase. In addition, the legislative history from the legislature clearly supports the State's interpretation. The legislature intended that the statute operate identically to Section 7.3, with the trial court considering relevance and prejudice before admitting or disallowing the evidence. Now, notably, as Justice Freeman asked earlier, in the defendant's case in the trial court, all of the parties assumed that Section 7.4 was going to operate just like 7.3 would. The evidence was considered under these principles before admission. The State made a motion to eliminate. There was a pretrial hearing. They brought Katie Bailey forward to testify. The parties argued about whether or not Katie Bailey's testimony was relevant or unduly prejudicial. And ultimately, the trial court did end up excluding a portion of Katie Bailey's testimony. Now, if defendant's interpretation of the statute is correct and Katie Bailey's testimony was to be admitted, regardless of whether it was irrelevant or unduly prejudicial, then, ironically, he ended up receiving more protections from the trial court than the trial court was even allowed to provide him. And this conclusion is also supported by the federal precedent interpreting the federal rules of 413 and 414, which also use the is admissible language. The federal courts have consistently interpreted these rules to include the relevance and prejudice versus probity requirements, and that admission is not mandatory. Now, in terms of the constitutionality, as I already stated, if this court finds that propensity evidence in and of itself violates due process, that it has to overturn Donahoe in addition. Now, Donahoe already determined in passing that due process concerns are alleviated by requiring the trial court to consider relevance and undue prejudice. In terms of federal due process, the United States Supreme Court has specifically reserved this question, but all of the lower federal courts have upheld its constitutionality. In terms of equal protection, defendants forfeited this argument, so I won't go into it unless the court has any particular questions. If the court has no questions, we would urge the court to affirm the judgment of the appellate court  Thank you, Your Honors. Again, Your Honors, you don't have to overrule Donahoe, but please don't expand Donahoe further into other crimes. If you expand it into domestic violence, you can expand it into drug cases. You can expand it into murder. You can expand it into fleeing and eluding. You can expand it to any case that there is. It needs to be stopped now. The state argued that Your Honors, in Donahoe, corrected or found some of the language to be ambiguous. That's not the way that I read Donahoe. I thought that Your Honors, in Donahoe, was just saying, is this statute constitutional? You looked at other statutes from other states and found that it was. The state also said that the legislature had the knowledge of Donahoe when they drafted 7.4. That's true. With that knowledge, they changed the word maybe to is. They had to have meant something by doing that. Assuming that they knew of Your Honors' ruling in Donahoe, there was a reason that they changed maybe to is. It wasn't because Your Honors found maybe to be ambiguous in Donahoe. There was a reason. And I'm arguing that the reason was because they wanted it to be mandatory. The state said that the trial court has the discretion to admit or not admit certain convictions or certain evidence that might be old. They can. They have that discretion. However, they can use their discretion to decide that something 30 years old, 20 years old can come in. That's part of the problem of propensity evidence. Again, whether the statute is mandatory or discretionary, it's unconstitutional based on due process grounds. Are there further questions? Thank you. Thank you, Counsel. Case number 109698 will be taken under advisement.